# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS CHRISTOPHER TIMMONS

    Petitioner,

vs.

RICHARD B. IVES, et al.,

    Respondents.

No. CIV S-08-0422-GEB-CMK-P

FINDINGS AND RECOMMENDATIONS

    Petitioner, a federal prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petition (Doc. 2) is currently pending before the court.  28 U.S.C. § 2243, provides for summary dismissal of a habeas petition if "it appears from the application that the applicant . . . is not entitled" to relief.  In the instant case, it is plain that petitioner is not entitled to relief under 28 U.S.C. § 2241.

    Petitioner is currently serving a 123 month sentence for armed bank robbery, pursuant to a conviction and sentence on August 24, 2000, in the United States District Court for the Central District of California.  In his petition, petitioner claims he is being incarcerated without a valid judgment and commitment order and that the respondents are in breach of trust, and he is requesting an immediate release.

1    It is questionable whether this petition is truly a § 2241 petition, or more properly a motion under 28 U.S.C. § 2255. Petitioner is currently incarcerated at Federal Correctional Institution - Herlong. As the custodial court, this court has jurisdiction to hear a § 2241 motion. See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("habeas petition filed pursuant to § 2241 must be heard in the custodial court"). As the sentencing court, the Central District has jurisdiction to hear a § 2255 motion. See id. ("§ 2255 motions must be heard in the sentencing court"). If this matter is construed as a § 2255 motion, the court would be required to transfer it to the Central District. However, because the court will recommend that this action be dismissed and that petitioner's request for immediate release be denied, there is no need to transfer this action in the interests of justice. See Hernandez v. Campbell, 204 F.3d 861 (9th Cir. 2000).

    Plaintiff alleges he is not challenging his conviction or sentence, but rather the authority of the respondent to enforce the sentence, because the judgment contains no seal or authentication by the court. He states that his "argument is not whether or not sentence CR-00-226-CAS is void or was fraudulently obtained, but rather the Respondent(s)/Trustee(s) power and/or inherent authority to not execute and enforce a non-sealed JUDGMENT AND PROBATION/COMMITMENT ORDER . . ." (Memo. in Support of Petition (Doc. 3) at 6). While petitioner claims he is not challenging his conviction, he continually states he is seeking release from confinement. Before the court can reach an answer to whether there is a valid judgment, and therefore whether petitioner should be released from confinement, the court would first have to determine whether his commitment is valid. Therefore, petitioner is in all actuality, challenging the validity of his conviction, and is suggesting that his sentence is void or invalid. This suggests the petition is actually a § 2255 motion challenging his conviction and sentence.

    The Ninth Circuit has repeatedly held that, "In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (citing United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997)); see also Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003) (same)).

However, 28 U.S.C. § 2255 contains an "escape hatch" or "savings clause" that provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>. (emphasis added)

A prisoner may invoke a court's jurisdiction under § 2241 if he can show that the remedy under § 2255 is "inadequate or ineffective" to test his incarceration. <u>Ivy</u>, 328 F.3d at 1059. This exception, however, is narrow. <u>Id.</u> Section 2241 is not available simply because the court of appeals refuses to certify a second or successive petition under the provisions of § 2255. <u>Id.</u> A petitioner may only proceed under § 2241 if he claims to be: "(1) factually innocent of the crime for which he has been convicted; and (2) has never had an 'unobstructed procedural shot' at presenting this claim." <u>Id.</u> at 1060.

        In the present case, petitioner does not claim factual innocence. He claims only that the judgment and commitment order are invalid or void because they are not sealed, and that respondents have no authority to execute and enforce a non-sealed judgment. (Petition at 3-4). Even if petitioner's claims could be construed as a claim of factual innocence, he has not been barred from presenting such a claim in one of his previously-filed § 2255 motions.[1] As the Ninth Circuit has explained, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." <u>Ivy</u>, 328 F.3d at 1060. Accordingly, this court finds that petitioner has failed to show that § 2255 provides an "inadequate or ineffective remedy." Therefore, petitioner is not

///

---

[1] The court notes that petitioner has filed at least five Petitions to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 in the U.S. District Court for the Central District of California. The Central District has denied each of his petitions. The court takes judicial notice of these court records. <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 504 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

3

entitled to invoke this court's jurisdiction under § 2241 nor is he entitled to a writ of habeas corpus under § 2241.

Second, petitioner should not be granted relief pursuant to § 2255 because his motion under that provision is time-barred.[2] Although motions brought under § 2255 must be heard by petitioner's sentencing court, the undersigned has considered the timeliness of petitioner's motion and has determined that the interests of justice would not be served by transferring the petition to the Central District pursuant to 28 U.S.C. § 1631. See 28 U.S.C. § 1631 ("Whenever a civil action is filed . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought); Taylor v. Soc. Sec. Admin., 842 F.2d 232, 233 (9th Cir. 1988).

If petitioner had filed his motion with the sentencing court, the U.S. District Court for the Central District of California, it would be time-barred by the one year statute of limitations. 28 U.S.C. § 2255, ¶ 6. Petitioner's conviction became final on September 3, 2000. Petitioner did not file the instant motion until February 26, 2008. The one-year statute of limitations under § 2255 has long since run. In light of the untimeliness of the motion, the court finds that the interests of justice would not be served by transferring this case to the Central District, and the court will recommend that the § 2255 motion, to the extent the petition is so construed, be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and motion pursuant to 28 U.S.C. § 2255 be summarily dismissed; and

---

[2] In addition, it appears that petitioner's present motion would also be barred as a "second or successive" motion. See 28 U.S.C. § 2255, ¶ 8. District courts may only entertain a second or successive motion if the movant has been certified by a panel of the appropriate court of appeals. Petitioner does not claim he has sought or complied with this procedural requirement.

2.     The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED: October 7, 2008

　　　　　　　　　　　　　　　　　　　_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE